IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JOSEPH ROY, JR., } | | |
| TDCJ-CID NO. 560274, | | |
| Petitioner, } | | |
| v. } | | CIVIL ACTION NO. G-07-0226 |
| } | | |
| NATHANIEL QUARTERMAN, } | | |
| Respondent. } | | |

OPINION ON DISMISSAL

Petitioner Joseph Roy, Jr., a state inmate, seeks habeas corpus relief under 28 U.S.C. § 2254 to challenge the denial of his release to parole and mandatory supervision. (Docket Entry No.1). Respondent has filed a motion for summary judgment. (Docket Entry No.12). Petitioner has not filed a response to the motion. The Court will dismiss the petition for the reasons to follow.

Background

On March 9, 1990, petitioner was convicted of aggravated robbery in the 252nd District Court of Jefferson County, Texas in cause number 53263. (Docket Entries No.1, No.12). He was sentenced to sixty years confinement in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ-CID") and assessed a fine of $10,000. Petitioner challenges the denial of parole and release to mandatory supervision; therefore, a procedural history of his conviction is unnecessary.

In January or February, 2007, petitioner filed a state habeas application complaining that his conviction fell under the laws in effect under the 70th Legislature and for this reason, he was entitled to release on parole and mandatory supervision. *Ex parte Roy*,

1

Application No.WR-60,724-02. On February 14, 2007, the state district court, sitting as a habeas court, found that petitioner was not entitled to release to mandatory supervision because he was serving a sentence for aggravated robbery. *Id*. at pages 2-3. On March 7, 2007, the Texas Court of Criminal Appeals denied petitioner's state habeas application without written order on the trial court's findings without a hearing. *Id*. at "Action Taken" sheet.

Respondent reports that petitioner was denied release to parole on June 22, 2004 and July 19, 2007. (Docket Entry No.12, Exhibit A). Liberally construing petitioner's petition, respondent moves for summary judgment on grounds that petitioner's challenge to the denial of parole in 2004 is barred by limitations and petitioner's challenge to the denial of parole in July 2007 is unexhausted. (Docket Entry No.12). Respondent further moves for summary judgment on petitioner's claim that he is entitled to release to mandatory supervision. (*Id.*).

## Summary Judgment

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party bears the burden of initially pointing out to the court the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial. *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)). The Court may grant summary judgment on any ground supported by the record, even if the ground is not raised by the movant. *U.S. v. Houston Pipeline Co.*, 37 F.3d 224, 227 (5th Cir. 1994).

## 2004 Denial of Parole

Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2). The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998). Because petitioner's petition was filed well after that date, the one-year limitations period applies to his claims. *Id.*

3

Respondent contends, without objection, that the limitations period in this case commenced on June 22, 2004, the date the Texas Parole Board denied petitioner parole. 28 U.S.C. § 2244(d)(1)(D). The record supports this contention; therefore, under AEDPA, limitations to file a federal habeas petition on this claim commenced on June 22, 2004 and expired on June 22, 2005. Petitioner did not file a state habeas application until January or February, 2007, years after limitations expired. Consequently, the tolling provisions found in § 2244(d)(2) do not apply. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period).

Petitioner did not file a response to the motion for summary judgment. Moreover, he has not alleged in his pleading that he was subject to state action that impeded him from filing his petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Petitioner did not address the limitations issue in his petition; nor has he sought equitable relief. Although petitioner is incarcerated and is proceeding without counsel, his ignorance of the law does not excuse his failure to file a timely petition. *Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999).

Accordingly, petitioner's claim regarding the 2004 denial of parole is barred by the AEDPA's one-year limitation period.

2007 Denial of Parole

Respondent moves for summary judgment on petitioner's claim that he was denied parole in July, 2007, on the ground that petitioner did not exhaust his state remedies. (Docket Entry No.12). Under 28 U.S.C. § 2254, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). The doctrine of exhaustion, codified as amended at 28 U.S.C. § 2254(b)(1) and (c), reflects a policy of federal/state comity. *Coleman v. Thompson*, 501 U.S. 722 (1991). Those statutes provide in pertinent part as follows:

> (b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A)  the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)  (i)  there is an absence of available State corrective process; or
>
> (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> * * * *
>
> (c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C.§ 2254 (b)–(c). Under this framework, exhaustion means that the petitioner must have presented all of his habeas corpus claims fairly to the state's highest court before he may bring them to federal court. *Castille v. Peoples*, 489 U.S. 346 (1989); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). Generally, exhaustion in Texas may take one of two paths: (1) the petitioner may file a direct appeal followed, if necessary, by a Petition for Discretionary Review

in the Texas Court of Criminal Appeals, or (2) he may file a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court which, if denied, is automatically transmitted to the Texas Court of Criminal Appeals. *Myers v. Collins*, 919 F.2d 1074 (5th Cir. 1990).

Under Texas law, it appears that although the decision to parole is within the sound discretion of the Texas Board of Pardons and Paroles, complaints regarding the denial of constitutional or statutory rights in consideration of parole may be raised by way of writ of habeas corpus under article 11.07. *See Ex parte Geiken*, 28 S.W.3d 553, 556-57 (Tex. Crim. App. 2000). Petitioner does not indicate, and the record before the Court and state online records do not reflect, that petitioner has subjected his claim regarding the 2007 denial of parole to state habeas review. Therefore, the Court finds that petitioner's claim regarding the denial of parole in 2007 has not been properly exhausted in state court. 28 U.S.C. § 2254(b)(1)(A); *Alexander v. Johnson*, 163 F.3d 906, 908-09 (5th Cir. 1998). Nor has petitioner demonstrated that there is no available corrective process in state court or that there are circumstances that render such process ineffective. 28 U.S.C. § 2254(b)(1)(B); *Alexander*, 163 F.3d at 509. Accordingly, petitioner's claim regarding the denial of parole in 2007 is subject to dismissal without prejudice for non-exhaustion.

## Release to Mandatory Supervision

Finally, respondent moves for summary judgment on petitioner's claim that the Parole Board wrongfully denied him release to mandatory supervision. (Docket Entry No.12). As respondent correctly notes, petitioner is not eligible for release to mandatory supervision under neither the current statute nor the statute in effect at the time he committed the offense of first degree aggravated robbery. Under former article 42.18, section 8(c) of the Texas Code of

Criminal Procedure, now codified at TEX. GOV'T CODE § 508.149(a), an inmate is not eligible for release to mandatory supervision if he is serving a sentence for one of several enumerated crimes. Aggravated robbery under Texas Penal Code § 29.03 is one of the listed offenses and was a listed offense at the time petitioner committed the offense in 1989. *See* Act of June 17, 1987, 70th Leg. R.S., ch. 384, § 6, 1987 Tex. Gen. Laws. Therefore, petitioner's claim regarding release to mandatory supervision is subject to dismissal.

## Certificate of Appealability

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The

Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable.  *See Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001); *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).  Accordingly, the Court finds that a certificate of appealability should not issue in this case.

## Conclusion

Based on the foregoing, the Court DENIES petitioner federal habeas relief and ORDERS the present habeas action is DISMISSED WITH PREJUDICE.  The Court further DENIES a certificate of appealability and all other pending motions.

It is SO ORDERED.

SIGNED at Houston, Texas, this 22nd day of April, 2008.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE